UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| PETER G. BALLAS, II, | : | CASE NO. 09-12545-BKC-EPK |
| | : | |
| Debtor. | : | |

**UNITED STATES TRUSTEE'S OBJECTIONS TO DEBTOR'S
DISCLOSURE STATEMENT**

COMES NOW the United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), and submits the following objections to the disclosure statement and proposed plan filed by Peter G. Ballas, II (the "Debtor") in the above-styled Chapter 11 proceeding.

Title 11 of the United States Bankruptcy Code §1125(b) requires the Bankruptcy Court specifically to find the disclosure statement contains "adequate information" before a party in interest is allowed to solicit its Plan of Reorganization to creditors. Section 1125(a)(1) defines the term "adequate information" as meaning "information of a kind, and in sufficient detail . . . , that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgement about the plan . . . "

In the absence of amendments to deal with such matters as is noted below, the United States Trustee moves the Court to not approve the proposed Disclosure Statement "as containing adequate information," and convert the case to Chapter 7.

OBJECTIONS

1. The disclosure statement fails to discuss the Debtor's background, education and work history.

2. The disclosure statement fails to provide any discussion regarding the trusts or other entities in which the Debtor has an interest.

3. The disclosure statement fails to provide any information regarding the factors which led to the filing of the petition.

4. The description and valuation of the Debtor's assets and liabilities is insufficient. The basis of the valuation of the properties and the trusts are not provided. The amount of debt is also not accurately disclosed.

5. The disclosure statement fails to provide any discussion on events which have occurred post-petition.  For example, there appears to be no discussion regarding Adversary Proceeding 09-1225.  Also, the disclosure statement does not mention the impact of the order granting Key Bank relief from the automatic stay.

6. The disclosure statement fails to provide sufficient information regarding the Debtor's current operating condition. Copies of the most recent monthly reports should be attached as an exhibit to the disclosure statement in support of the statements made.

7. The disclosure statement fails to provide sufficient information regarding the Debtor's ability to fund the proposed plan.  The statements regarding cutting of costs should be discussed in more detail.  Furthermore, to the extent the Debtor intends to market and sell his real property, the name of the broker(s), list prices and marketing efforts should be disclosed.

8.  The disclosure statement fails to contain complete and convincing evidence that the Debtor is capable of supporting the debt service under the plan.  Projections should be attached as an exhibit and should include all proposed plan payments.

9.  The disclosure statement and plan should provide a more detailed description of each class of claims and should include the amount of claims in each class.

10.  The disclosure statement and plan should provide and estimate of administrative claims.

11.  The disclosure statement and plan should provide a more detailed explanation of the terms of payment to creditors in each class.  For example, the treatment of Class IX claims is not discussed.

12.  The disclosure statement and plan fail to contain the appropriate language regarding the payment of U.S. Trustee's fees.

13.  The disclosure statement fails to provide information regarding leases and executory contracts, if any.

14.  The treatment of Class II creditors appears to violate 11 U.S.C. §1129(a)(9).

15.  The disclosure statement fails to indicate the bar date for filing proofs of claim and whether the Debtor intends to object to any claims filed.  To the extent the Debtor does not intend to object to claims, the Debtor has failed to provide treatment for all claims in this case.

16.  The disclosure statement and plan fail to discuss the scope and impact of discharge of the Debtor under 11 U.S.C. §1141.

17.  The disclosure statement fails to discuss the risks to creditors under the plan.

18.  The disclosure statement fails to contain sufficient information and projections relevant

to a creditor's decision to accept or reject the proposed plan.

WHEREFORE, the United States Trustee shows the disclosure statement does not contain adequate information as required by 11 U.S.C. §1125, which would permit a party in interest to reach an informed judgement concerning the plan and moves the Court to enter an order denying approval of the disclosure statement, unless the necessary changes are made to correct the deficiencies set forth above, and further moves this case to be converted to Chapter 7 or dismissed.  See generally, In re:  Metrocraft Publishing Services, Inc., 39 B.R. 567 (Bankr. N.D.Ga. 1984).

                                            DONALD F. WALTON
                                            United States Trustee

                                            ___/s/_____
                                            HEIDI A. FEINMAN
                                            Trial Attorney

 Office of the U.S. Trustee
51 SW First Street, Room 1204
Miami, FL 33130
(305) 536-7285

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTIONS TO DEBTOR'S DISCLOSURE STATEMENT** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

| | |
|---|---|
| James Brako, Esq. | Tc_legal_services@pbcgov.org |
| Franck Chantayan, Esq. | Fchantayan@carltonfields.com |
| Michelle Hart, Esq. | Bkmail@mccalla.com |
| Stephen Hunt, Esq. | Shunt@arnstein.com |
| David Ray, Esq. | Daray@arnstein.com |
| Leslie Reizes, Esq. | Reizes@bellsouth.net |
| Becket and Lee, LLP | notices@becket-lee.com |

DONE this the 20th day of July, 2009.

I hereby certify that I am admitted to the Bar of the State of Florida and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.

_____/s/_____
HEIDI A. FEINMAN
Trial Attorney

5