SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

PETER G. BALLAS II,   Case No.: 09-12545-BKC-EPK

Debtor   Chapter 11

_____/

## OBJECTION OF WELLS FARGO BANK, N.A. TO DEBTOR'S [PROPOSED] DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

Wells Fargo Bank, N.A. ("Wells Fargo") by and through its undersigned counsel, objects (the "Objection") to the *[Proposed] Disclosure Statement* (the "Disclosure Statement") [D.E. 62] and *Plan of Reorganization* (the "Plan") [D.E. 61] filed by Peter G. Ballas, II (the "Debtor"), and states:

### INTRODUCTION

1. Wells Fargo is a secured creditor with six (6) loans outstanding with the Debtor. The loans are secured by mortgages on properties located in Gulf Stream, Florida (the "Florida Home"), Park City, Utah (the "Utah Home"), and Chicago, Illinois (the "Illinois Home"). Each property secures a first mortgage ("Mortgage") and home equity line of credit ("HELOC").

2. The outstanding balance as of June 2009 for principal and interest on the Florida Home is approximately $1,328,938.12, which represents approximately $1,040,820.03 due under the Mortgage and approximately $288,118.09 under the HELOC. The Debtor has not made any post-petition payments to Wells Fargo in connection with the Mortgage or HELOC on the Florida Home. The Debtor indicated his intention is to sell the Florida Home, and has listed the home with a real estate broker.

15425013.1

3.  The outstanding balance as of June 2009 for principal and interest on the Utah Home is approximately $2,399,542.17, which represents approximately $1,265,992.27 due under the Mortgage and approximately $1,133,549.90 under the HELOC. The Debtor has not made any post-petition payments to Wells Fargo in connection with the Mortgage or HELOC on the Utah Home. The Debtor indicated his intention is to sell the Utah Home, and has listed the home with a real estate broker.

4.  The outstanding balance as of June 2009 for principal and interest on the Illinois Home is approximately $794,786.62, which represents approximately $699,730.35 due under the Mortgage and approximately $95,056.27 under the HELOC. The Debtor has not made any post-petition payments to Wells Fargo in connection with the Mortgage or HELOC on the Illinois Home. The Debtor indicated his intention is to retain the Illinois Home.

## **OBJECTION**

5.  Bankruptcy Code Section 1125(b) provides that a court must find, after notice and a hearing, that the disclosure statement contains "adequate information" before a party in interest is allowed to solicit its Plan of Reorganization to creditors. *In re New Power Company*, 438 F.3d 1113, 1117 (11th Cir. 2006) (stating claims holders are to "receive a court-approved disclosure statement containing adequate information" to vote on a plan) (internal quotations omitted). The term "adequate information" for the purpose of a disclosure statement is defined in Bankruptcy Code Section 1125(a)(1) as meaning "information of a kind, and in sufficient detail . . . , that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgement about the plan . . . " *Id.* at 1118. The Disclosure Statement propose by the Debtor fails to provide "adequate information" to Wells Fargo, and the

other claimants in this case, to make an informed judgment regarding the treatment of their claims.

6. The Disclosure Statement fails to provide any information regarding the Debtor's background, education and work history.

7. The Disclosure Statement does not provide sufficient information regarding the events which led to the Debtor filing for bankruptcy protection, or the Debtor's current operations. In addition, the Disclosure Statement does not provide sufficient information regarding the Debtor's ability to support the payments under the Plan, or the source of funds for such payments. In particular, there is no discussion on the Debtor's ability to make Plan payments on the Illinois Home  While the Disclosure Statement contains a general statement regarding the Debtor having reduced his business expenses, such cost cutting efforts should be more fully discussed.

8. The Disclosure Statement fails to provide a meaningful description of the Debtor's assets, including their value and the basis for such valuation. There is also insufficient information regarding the Debtor's liabilities, including a description and extent of such liabilities.

9. The Disclosure Statement fails to provide sufficient information regarding the Debtor's ability to fund the proposed Plan. A review of the Debtors most recent Monthly Operating Report shows that the Debtor had no income from his business operations and only $91.00 from "Household Receipts". Furthermore, the Debtors Monthly Operating Report dated June 22, 2009, shows that the Debtor had $144,166.66 in "Household Receipts" as a result of a distribution from the Debtor's personal trust.

10. While the Disclosure Statement states the Debtor intends to fund the Plan, in part, from the sale of the Florida Home and the Utah Home, there is no discussion of the Debtor's marketing efforts, including the name of the broker(s), list prices, the status of such marketing efforts and other related information.

11. The Disclosure Statement also fails to discuss the Debtor's revocable trust, or other entities in which the Debtor has an interest, including the nature of the disputes and litigation regarding the trust mentioned in the Disclosure Statement or the outcome of such disputes.

12. The Disclosure Statement does not sufficiently discuss post-petition events, and their impact on the Debtor and his reorganization efforts. For example, the Disclosure Statement does discuss the impact of the relief from the automatic stay granted to Key Bank. Furthermore, the Disclosure Statement does not provide sufficient information regarding any claims by or against the Debtor, or any litigation to which he is a party.

13. The Disclosure Statement and Plan needs to provide more detailed description of each class of claim, including the amount of claims in each class. There is no indication whether the Disclosure Statement has provided treatment to all parties with claims against the Debtor and his bankruptcy estate. Furthermore, the Disclosure Statement and Plan should provide an estimate and the nature of administrative claims. Additionally, the Disclosure Statement fails to provide information regarding any leases and executory contracts to which the Debtor is a party.

14. The Disclosure Statement and Plan should provide more detailed information regarding the treatment under the Plan and the payment terms to creditors in each class, including the basis for such terms. The Disclosure Statement does not indicate the bar date for filing proofs of claim or whether the Debtor intends to object to any claims filed.

15. The Disclosure Statement and Plan do not discuss the scope and impact of discharge of the Debtor under Bankruptcy Code §1141. Furthermore, the Disclosure Statement does not discuss the risks to creditors under the Plan. The Disclosure Statement also fails to contain sufficient information and projections that would enable a creditor to decide whether to accept or reject the proposed Plan.

16. Wells Fargo reserves the right to amend or supplement this Objection in all respects.

WHEREFORE, the Wells Fargo requests that the Court: (i) sustain the Objection; (ii) not approve the Disclosure Statement; (iii) require the Debtor to amend the Disclosure Statement to address the objections set forth herein; and (iv) grant such further relief as the Court deem just and proper.

Dated: July 29, 2009.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rules 2090-1(A) and 9011-4(A)(1).

/s/ Franck D. Chantayan
Franck D. Chantayan
Florida Bar No. 878731
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
E-mail: fchantayan@carltonfields.com

*Attorneys for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Objection of Wells Fargo Bank, N.A. to Debtor's [Proposed] Disclosure Statement and Plan of Reorganization* was filed with the Clerk of Court on July 29, 2009 using the CM/ECF system thereby serving registered users in this case and that a copy of the same was served by U.S. Mail to all parties on the attached service list.

/s/ *Franck D. Chantayan*
Franck D. Chantayan
Florida Bar No. 878731
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone:  (561) 659-7070
Facsimile:   (561) 659-7368
E-mail:  fchantayan@carltonfields.com

*Attorneys for Wells Fargo Bank, N.A.*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 09-12545-EPK<br>Southern District of Florida<br>West Palm Beach<br>Wed Jul 29 11:12:05 EDT 2009 | American Express Bank FSB<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | KeyBank National Association<br>c/o Stephen C. Hunt<br>Arnstein & Lehr LLP<br>200 E. Las Olas Suite 1700<br>Fort Lauderdale, FL 33301-3404 |
| Palm Beach County Tax Collector<br>c/o James M. Brako, Esq.<br>P. O. Box 3715<br>West Palm Beach, FL 33402-3715 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue #1120<br>Miami, Fl 33131-1605 | Wells Fargo Bank, N.A.<br>c/o McCalla Raymer, LLC<br>Bankruptcy Department<br>1544 Old Alabama Road<br>Roswell, GA 30076-2102 |
| American Express<br>P.O. Box 360002<br>Ft. Lauderdale, FL 33336-0002 | Bank of America<br>PO Box 15726<br>Wilmington, DE 19850-5726 | Besse Medical<br>Jim Maxwell<br>c/o Royal Mercantile Trust<br>Ten Central Parkway #200<br>Stuart FL 34994-5916 |
| CDS International<br>3299 NW Second Ave<br>Boca Raton, FL 33431-6633 | Cessna Finance Corporation<br>220 W Douglas Suite 300<br>PO Box 308<br>Wichita, KS 67201-0308 | Chevron<br>PO Box 530950<br>Atlanta, GA 30353-0950 |
| Citi Cards<br>P.O. Box 6417<br>The Lakes, NV 88901-6417 | FIA CARD SERVICES, NA/BANK OF AMERICA<br>BY AMERICAN INFOSOURCE LP AS ITS AGENT<br>PO Box 248809<br>Oklahoma City, OK 73124-8809 | GE Money Bank<br>Care of Recovery Management Systems Corp<br>dba CHEVRON TEXACO PLCC<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131-1605 |
| Health Capital Financial Services<br>PO Box 414418<br>Boston, MA 02241-0001 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 | KEYBANK<br>POB 94968<br>CLEVELAND, OH 44101-4968 |
| Keller Williams PC<br>1750 Sun Peak Dr<br>Park City, UT 84098-6724 | Key Bank<br>PO Box 94831<br>Cleveland, OH 44101-4831 | Key Bank<br>PO Box 949020<br>Cleveland, OH 44101 |
| KeyBank National Association<br>c/o David A. Ray, Esq.<br>Arnstein & Lehr, LLP<br>200 East Las Olas Blvd., Suite 1700<br>Ft. Lauderdale, FL 33301-3404 | (p)TOYOTA MOTOR CREDIT CORPORATION<br>PO BOX 8026<br>CEDAR RAPIDS IA 52408-8026 | Lori Fordham Bass & Stephen Bass<br>8627 Woodgrove Harbor Lane<br>Boynton Beach, FL 33473-4841 |
| Lundberg & Assoc<br>3269 S Main St, Ste 100<br>Salt Lake City, UT 84115-3773 | Matina A. Nimphie<br>1023 Coralina Way<br>Delray Beach, FL 33483-6792 | National City<br>PO Box 94982<br>Cleveland OH 44101-4982 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Palm Beach County Tax Collector<br>P.O. Box 3715<br>West Palm Beach, Fl 33402-3715 | Peter G Ballas II MD PA<br>1905 Clint Moore Rd Ste 215<br>Boca Raton, FL 33496-2660 |

| | | |
|---|---|---|
| Polo Ridge Condominium Assc Inc<br>3960 N. Ocean Blvd #5<br>Delray Beach, FL 33483-7470 | Regions Bank<br>FIA Card Services<br>PO Box 15710<br>Wilmington, DE 19886-5710 | Saks Fifth Avenue<br>PO Box 5224<br>Carol Stream, IL 60197-5224 |
| Shell<br>Processing Center<br>Des Moines, IA 50359-0001 | Shumaker, Loop & Kendrick LLP<br>1000 Jackson Street<br>Toledo, OH 43604-5573 | Stefani de Laville<br>4225 County Road<br>Gulfstream, FL 33483-7513 |
| The Corcoran Group<br>1177 George Bush Blvd. Suite 101<br>Delray Beach, FL 33483-7239 | Wells Fargo Bank, N.A.<br>Bankruptcy Department<br>3476 Stateview Blvd X7801-014<br>Ft. Mill, SC 29715-7203 | Wells Fargo Bank, N.A.<br>P. O. Box 14469 MAC X2303-01A<br>Des Moines, IA 50306-3469 |
| Wells Fargo Bank, N.A.<br>P. O. Box 14469 MAC X2303-01M<br>Des Moines, IA 50306-3469 | Wells Fargo Bank, NA<br>PO Box 4233<br>Portland, OR 97208-4233 | Wells Fargo Bank, NA<br>PO Box 54780<br>Los Angeles, CA 90054-0780 |
| Wells Fargo Home Mortgage<br>PO Box 660455<br>Dallas, TX 75266-0455 | eCAST Settlement Corp<br>Assignee of HSBC Bank Nevada<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd., Suite 200<br>Tucson, AZ 85712-1083 | Barbara Whittaker<br>1177 George Bush Blvd #101<br>Delray Beach, FL 33483-7239 |
| Chris Eberlein<br>1750 Sun Peak Dr<br>Park City, UT 84098-6724 | John J Matteis<br>29 SE 5th St<br>Boca Raton, FL 33432-6019 | Leslie N Reizes<br>1200 S Federal Hwy # 301<br>Boynton Bch, FL 33435-6059 |
| Peter G. Ballas II<br>3960 N Ocean Blvd #1<br>Gulfstream, FL 33483-7470 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Lexus Financial Services<br>PO Box 17187<br>Baltimore, MD 21297-0511 | (d)Toyota Motor Credit Corporation<br>500 Redbrook Blvd.<br>Owings Mills, MD 21117 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)West Palm Beach | (d)American Express Bank FSB<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | End of Label Matrix<br>Mailable recipients    48<br>Bypassed recipients     2<br>Total                   50 |