UNITED STATES BANKRUPTCY COURT
SOUTHER DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:    Chapter 11

PETER G. BALLAS, II,    Bankruptcy No. 09-12545-EPK

Debtor.
_____/

**FIRST AMENDED PLAN OF REORGANIZATION**

Peter G. Ballas, II hereby proposes the following Plan of Reorganization pursuant to the provisions of Chapter 11 of the Bankruptcy Code:

ARTICLE I

Definitions:

1. The "Code" refers to the Bankruptcy Code, i.e., the Bankruptcy Reform Act of 1978, Title 11 U.S.C. Section 101, et. seq., as amended.

2. All terms used herein shall have the meaning set forth in the Code unless herein specifically stated to the contrary.

3. "Debtor" shall mean Peter G. Ballas, II.

4. "Creditors" shall mean all creditors of the Debtor holding claims for unsecured debts, liabilities, demands or claims of any character whatsoever.

5. "Plan" shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

6. "Court" shall mean the United States Bankruptcy Court for the Southern District of Florida, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

7. "Claim" shall mean a duly listed or timely filed claim which is allowed and ordered paid by the Court.

8. "Interests" shall mean the interests of the Debtor.

1

9. "Effective Date" shall be that date on which the Order confirming the Plan becomes final and nonappealable.

## ARTICLE II

The administrative expenses of the Debtor's Chapter 11 case allowed pursuant to Section 503(b) of the Bankruptcy Code shall be paid in full upon the effective date of the Plan unless otherwise ordered by the Court, in cash, or upon such terms as may be otherwise agreed upon by the holder of such allowed administrative expense. Any claim for post-petition taxes, penalties or interest is extinguished.

## ARTICLE III

### CLASSIFICATION OF CLAIMS AND INTERESTS

Claims against the Debtor and Interests in the Debtor are hereby classified as follows:

1. Class I shall consist of creditors who have tax claims secured by real property.

2. Class II shall consist of creditors who have priority unsecured tax claims.

3. Class III shall consist of the creditor holding a first mortgage lien on the premises owned by Debtor situate at 159 East Walton Place #12D, Chicago, IL 60611, which is believed by Debtor to be Wells Fargo, with a claim in the amount of $686,000.00.

4. Class IV shall consist of the creditors holding a first mortgage lien on the premises owned by Debtor situate at 49 Silver Dollar Drive, Park City, Utah, which is believed by Debtor to be Wells Fargo Home Mortgage, with a claim in the amount of $1,220,222.00.

5. Class V shall consist of the creditor holding a first mortgage lien on the premises owned by Debtor situate at 3960 North Ocean Blvd, # 1, Gulf Stream, FL 33483 which is believed by the Debtor to be Wells Fargo Home Mortgage with a claim in the amount of $1,000,000.00.

6. Class VI shall consist of the creditor holding a second mortgage lien on the premises owned by Debtor situate at 159 East Walton Place #12D, Chicago, IL 60611, which is believed to be Wells Fargo Bank, N.A., with a claim in the amount of $94,509.23.

7. Class VII shall consist of the creditor holding a second mortgage lien on the premises owned by Debtor situate at 49 Silver Dollar Drive, Park City, Utah, which is believed to be Wells Fargo Bank, N.A., with a claim in the amount of $1,117,712.85.

8. Class VIII shall consist of the of creditor holding a second mortgage lien on the premises owned by Debtor situate at 3960 North Ocean Blvd., #1, Gulf Stream, FL 33483, which is believed by the Debtor to be Wells Fargo Bank, N.A. with a claim in the amount of $279,989.92 having unsecured claims.

9. Class IX shall consist of all other secured claims.

10. Class X shall consist of the creditors having unsecured claims. Included in this class are unsecured deficiency claims of creditors asserting secured claims.

11. Class XI shall consist of the Interests of the Debtor.

## ARTICLE IV

### TREATMENT OF CLAIMS NOT IMPAIRED UNDER THE PLAN

Class XI, the Debtor, shall retain his interests without alteration; they are not impaired by the Plan.

## ARTICLE V

### TREATMENT OF CLAIMS THAT ARE IMPAIRED UNDER THE PLAN

Classes I through X are impaired within the meaning of Bankruptcy Code § 1124 and shall be treated as follows:

1. Class I and II Creditors, the taxing authorities, will be paid in full, pro-rata, but to a maximum amount as to each property of the Debtor, of the value of the properties secured by their liens, or as to which their unsecured priority claim pertains, as hereinafter set forth without penalties but with fixed interest at the applicable statutory interest rate, for the post confirmation period in equal monthly installments for 60 months, as to that property being retained. As to those properties to be sold under the Plan, the taxing authorities shall be relegated to their in -rem remedies. All in personam claims against Debtor are extinguished. Debtor shall

3

be credited with any post-petition payments on account of tax.

2. Classes III through IX claims will be recast into 20 year fixed interest mortgages with equal monthly payments of principal and interest at the prime rate plus one percentage point as at the effective date, with the first payment commencing 30 days after the effective date. As to such claimholders whose properties are being sold under the Plan, their loans will accrue interest only from the effective date until sold, with the balance as to each such property paid in full upon closing of sale.

3. Class X, general unsecured claims, including deficiency claims, will be paid 5% of their allowed claims in 120 equal monthly installments without interest, commencing 30 days after the effective date.

## ARTICLE VI

## TREATMENT OF EXECUTORY CONTRACTS

All executory contracts of the Debtor except real estate brokerage contracts for the Florida and Utah properties are hereby rejected as of the Effective Date unless previously rejected.

## ARTICLE VII

## ACTIONS OF THE DEBTOR

The Debtor shall be empowered to undertake such borrowing by the reorganized Debtor, secured by assets of the reorganized Debtor or unsecured, from time to time and on such terms as may seem to him to be necessary or desirable in order to enable the reorganized Debtor to meet his obligations under the Plan or to maintain his ongoing business operations.

## ARTICLE VIII

## MISCELLANEOUS PROVISIONS

1. Upon leave of Court, the Debtor may propose amendments or modifications of the Plan at any time prior to Confirmation. After Confirmation of the Plan, the Debtor may, with the approval of the Court, remedy any defect or omission, or reconcile any inconsistencies in the

4

Plan or the Order of Confirmation, in such manner as may be necessary to carry out the purpose and intent of the Plan.

2. If there are objections to the allowance of any claim hereunder, which are pending at the time any payment under this Plan is due to a class of creditors, payment shall be made to the creditors holding claims to which no objection has been made when due and payment shall be made in respect to a claim to which objection has been made to the extent such claim is uncontested and the balance of such claim, if any, shall be paid at such time as a final determination of such objection(s) shall have been made by the Court.

3. In the event the Debtor breaches any of the foregoing provisions of the Plan, fails to make any payment when due, or violates any Order of the Court, the party which deems itself injured thereby shall notify the Debtor of such breach and the Debtor shall have 60 days from such date of notification within which to cure such breach.

4. Upon the effective date, the Debtor shall retain all of the property of the estate except as otherwise provided in this Plan, free and clear of all liens, encumbrances, and claims other than secured claims in such amounts as may be allowed by the Court, to the extent any such claims exist.

5. The Debtor reserves all claims, demands, causes of action, and powers that he may have under the Code and reserves the right to enforce the same at times and on terms and conditions as he, in his sole discretion, sees fit, including making objections to claims.

6. Debtor has listed for sale and shall continue his best efforts to sell the properties in Gulf Stream, Florida and Park City, Utah.

7. Any notice required to be provided for under the Plan shall be in writing and sent by certified mail, return receipt requested, postage prepaid, addressed as follows:

    A. If to the Debtor: Peter G. Ballas, II
                              3960 N. Ocean Blvd., Apt. 1
                              Gulf Stream, FL  33483

        With a copy to: Leslie N. Reizes, Esq.
                              Reizes Law Firm, Chartered

1200 South Federal Highway, Suite 301
Boynton Beach, FL 33435

B.  If to a creditor, at the address listed on the creditor's proof of claim filed with the Bankruptcy Court or on Debtor's schedules if no claim has been filed. Any party may change the address to which notices are to be sent to it by giving notice to each other party in the manner set forth herein, and notices shall be deemed received on the third business day after mailing.

## ARTICLE IX

## RETENTION OF JURISDICTION

A.  Until all claims and disputes have been allowed and resolved and all assets of the Debtor liquidated and distributed pursuant to the Plan, the Bankruptcy Court will retain jurisdiction for the following purposes:

1.  The classification of the claim of any creditor, and a re-examination of claims which have been allowed for the purposes of voting, and a determination of such objections as may be filed to creditors' claims. The failure of the Debtor to object to claims for the purposes of voting, shall not be deemed to be a waiver of Debtor's right to object, or re-examine the claim in whole or in part.

2.  The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the Order of Confirmation as may be necessary to carry out the purpose and intent of this Plan.

3.  The modification of this Plan after Confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

4.  To hear, determine and enforce all causes of action which may exist on behalf of the Debtor.

5.  To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation and enforcement of this Plan.

B.  The Court will retain jurisdiction until there is substantial consummation of the

plan. Assuming the other conditions of 11 U.S.C. 6, 1101(2) are satisfied, the Court may find this plan to be substantially consummated at the time the first payment is made pursuant to the Plan.

    C.    U.S. Trustee fees due pursuant to 28 U.S.C. section 1930 shall be paid by Debtor until the case is closed.

Dated: Boynton Beach, FL
         September 23, 2009

                                  */s/ Peter G. Ballas, II*
                                  Peter G. Ballas, II

Dated: Boynton Beach, FL
         September 23, 2009

                              REIZES LAW FIRM, CHARTERED


By:  */s/ Leslie N. Reizes*
      Leslie N. Reizes
Attorney for Debtor
1200 South Federal Highway, Suite 301
Boynton Beach, FL 33435
Tel: (561) 736-2600
Fax: (561) 736-2700