UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| PETER G. BALLAS, II, | : | CASE NO. 09-12545-BKC-EPK |
| | : | |
| Debtor. | : | |

**UNITED STATES TRUSTEE'S OBJECTIONS TO DEBTOR'S
AMENDED [PROPOSED] DISCLOSURE STATEMENT**

COMES NOW the United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), and submits the following objections to the amended (proposed) disclosure statement and proposed plan filed by Peter G. Ballas, II (the "Debtor") in the above-styled Chapter 11 proceeding.

Title 11 of the United States Bankruptcy Code §1125(b) requires the Bankruptcy Court specifically to find the disclosure statement contains "adequate information" before a party in interest is allowed to solicit its Plan of Reorganization to creditors.  Section 1125(a)(1) defines the term "adequate information" as meaning "information of a kind, and in sufficient detail . . . , that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgement about the plan . . . "

In the absence of amendments to deal with such matters as is noted below, the United States Trustee moves the Court to not approve the proposed Disclosure Statement "as containing adequate information," and convert the case to Chapter 7.

OBJECTIONS

1. Page 5 of the disclosure statement makes reference to "secured non-priority" tax creditors who will be paid when the properties are sold. These creditors should be identified and the amount of their debt disclosed. The U.S. Trustee cannot determine in which class these creditors have been placed.

2. Article V fails to address Class X unsecured claims.

3. The U.S. Trustee does not understand why the liquidation analysis attached to the disclosure statement is different than that contained within the disclosure statement. Furthermore, the disclosure statement fails to provide any explanation of the Debtor's assets listed on Schedule B and Debtor's reasons for the valuation he has placed on such items. More information regarding the Debtor's practice needs to be discussed, including how successful he is, whether any of his expenses are paid through the business and any benefits provided by the business.

4. The U.S. Trustee notes that, pursuant to Schedule F, as amended on November 1, 2009, a significant percentage of the unsecured debt is the Debtor's personal guaranty of business debt. To the extent such debt is being paid through the Debtor's medical practice, the U.S. Trustee does not understand why the creditors would receive any payment under the proposed plan. Based upon the Debtor's schedules, approximately 50% of the amount of debt is based upon personal guarantees of business debt. If these creditors are not treated under the plan, the remaining creditors could receive a 10% recovery if not more.

5. The disclosure statement indicates that the Debtor intends to object to approximately 10 proofs of claim. The U.S. Trustee questions why these objections have not been filed yet.

6. According to the Debtor's schedules, Debtor has an interest in a revocable trust. The disclosure statement should provide additional information regarding this trust.

7. The status of the marketing efforts of the real estate should be discussed.

8. According to the Debtor's schedule J, the Debtor earns a monthly salary of $6,400.00 gross. The monthly report attached to the disclosure statement reflects far less income. This discrepancy should be explained.

9. The disclosure statement fails to contain complete and convincing evidence that the Debtor is capable of supporting the debt service under the plan.

10. The disclosure statement and plan both fail to contain the appropriate language regarding the payment of U.S. Trustee's fees.

11. The disclosure statement and plan fail to discuss the scope and impact of discharge of the Debtor under 11 U.S.C. §1141.

12. The disclosure statement fails to contain sufficient information and projections relevant to a creditor's decision to accept or reject the proposed plan.

WHEREFORE, the United States Trustee shows the disclosure statement does not contain adequate information as required by 11 U.S.C. §1125, which would permit a party in interest to reach an informed judgement concerning the plan and moves the Court to enter an order denying approval of the disclosure statement, unless the necessary changes are made to correct the deficiencies set forth above, and further moves this case to be converted to Chapter 7 or dismissed.  See generally, In re:  Metrocraft Publishing Services, Inc., 39 B.R. 567 (Bankr. N.D.Ga. 1984).

        DONALD F. WALTON
        United States Trustee

        ___/s/_____
        HEIDI A. FEINMAN
        Trial Attorney

Office of the U.S. Trustee
51 SW First Street, Room 1204
Miami, FL 33130
(305) 536-7285

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTIONS TO DEBTOR'S DISCLOSURE STATEMENT** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

| | |
|---|---|
| James Brako, Esq. | Tc_legal_services@pbcgov.org |
| Franck Chantayan, Esq. | Fchantayan@carltonfields.com |
| Michelle Hart, Esq. | Bkmail@mccalla.com |
| Brad Hissing, Esq. | Bankruptcynotices@kasslaw.com |
| Stephen Hunt, Esq. | Shunt@arnstein.com |
| David Ray, Esq. | Daray@arnstein.com |
| Leslie Reizes, Esq. | Reizes@bellsouth.net |
| Seth Traub, Esq. | Straub@skl-law.com |
| Becket and Lee, LLP | notices@becket-lee.com |

DONE this the 23rd day of November, 2009.

I hereby certify that I am admitted to the Bar of the State of Florida and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.

_____/s/_____
HEIDI A. FEINMAN
Trial Attorney