

ORDERED in the Southern District of Florida on March 16, 2012.

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                              CASE NO.: 09-12545-EPK

PETER G. BALLAS, II,                                CHAPTER 11

    Debtor.
_____/

### ORDER DENYING MOTION TO REESTABLISH DEADLINES

THIS CAUSE came before the Court for hearing on March 1, 2012 upon the *Motion to Reestablish Deadline to File Complaint Objecting to Discharge and/or Dischargeability* [ECF No. 283] (the "Motion"). For the reasons set forth below, the Court denies the Motion.

In the Motion, Lori and Steven Bass (the "Creditors") requested that the Court "reestablish" the deadlines for the Creditors to file complaints objecting to the issuance of a discharge to Peter G. Ballas, II (the "Debtor") and objecting to the discharge of the indebtedness owed to them. In support of the Motion, the Creditors referenced Sections[1]

---

[1] The words "Section" and "Sections" refer to sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

1

105, 523 and 727 and Rules[2] 4004 and 4007. At the hearing, the Creditors withdrew their request to extend the deadline to file a complaint to exclude their debt from discharge under Section 523. The Creditors request a "thirty day extension" of the deadline to file a complaint challenging the issuance of a discharge to the Debtor. Although unclear from the Motion, it appears that the Creditors request authority to file such a complaint up to thirty days after any order granting the Motion.

The Debtor commenced this chapter 11 case by filing a voluntary petition on February 13, 2009. [ECF No. 1] The Creditors were listed by the Debtor in the List of Creditors Holding 20 Largest Unsecured Claims, Schedule F, Schedule H, and item 4 in the Statement of Financial Affairs. [ECF No. 1] The Court issued its standard form *Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines* (the "Notice to Creditors") [ECF No. 13], which was served on the Creditors by the Court's official noticing center on February 21, 2009. [ECF No. 19] Consistent with Rule 4004(a), the Notice to Creditors states on the first page, in bold type, that the deadline to file a complaint objecting to discharge of the Debtor was the first date set for hearing on confirmation of the Debtor's plan.

On June 15, 2009, the Debtor filed his Chapter 11 Plan and related Disclosure Statement. [ECF Nos. 61 and 62] The Court entered an order setting a hearing on the Disclosure Statement [ECF No. 63], which the Debtor served on all parties in interest including the Creditors. [ECF No. 70] The disclosure statement hearing was continued several times by order of the Court, including by order entered September 30, 2009 continuing the hearing to December 3, 2009. [ECF No. 87] The September 30, 2009 order was served by the Debtor on the "Court's Creditor Mailing Matrix" on that same date. [ECF No. 88] The Creditors were included on the Debtor's official mailing matrix and were

---

[2] The words "Rule" and "Rules" refer to the Federal Rules of Bankruptcy Procedure.

2

thus served with a copy of the order continuing the hearing on the Debtor's Disclosure Statement.

On November 1, 2009, the Debtor filed an amended Summary of Schedules and amended Schedules B, E, and F.  [ECF No. 90]  The Creditors were no longer listed in Schedule F.

The official mailing matrix is maintained by the Court, starting with the initial mailing matrix provided by a debtor under Section 521(a),Rule 1007(a) and Local Rule 1007-2.  Local Rule 1007-2(B) provides that amendments to the mailing matrix must comply with Rule 1009 and Local Rule 1009-1.  Local Rule 1009-1 in turn requires that amendments be filed on Local Form 4, "Debtor's Notice of Compliance with Requirements for Amending Creditor Information," as set forth in the "Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices" (the "Clerk's Instructions").  The Clerk's Instructions, section II.b., provide that when deleting creditor information from the matrix the debtor must submit with the Local Form 4 a separate list entitled "Deletions to Creditor Information."  The obvious purpose of this latter requirement is that if a debtor files amended schedules deleting one or more creditors, other than by comparing each and every item listed on the original schedules to those listed on the amended schedules, the Clerk of the Court has no way of knowing what items were deleted.  It is the practice of the Clerk's office to delete only those creditors that are specifically noted in an attachment to Local Form 4, as directed in the Clerk's Instructions.

When the Debtor amended his schedules on November 1, 2009, he filed a Local Form 4 but did not include a list of deleted creditors.  Thus, the Clerk did not update the official mailing matrix for this case.  Even after the Creditors were removed from the Debtor's Schedule F, the Creditors remained on the official mailing matrix and continued to receive notices required by the Bankruptcy Code and Bankruptcy Rules.

On March 8, 2010, the Court entered an order approving the Debtor's Amended Disclosure Statement, setting a confirmation hearing on the Debtor's Amended Chapter 11 Plan, and setting various deadlines. [ECF No. 127] The confirmation hearing was set for April 29, 2010. April 29, 2010 was the date first set for the confirmation of the Debtor's plan and thus the deadline to file a complaint objecting to the Debtor's discharge underRule 4004(a). The Debtor served this order on all parties in interest and filed a certificate of service on March 18, 2010. [ECF No. 138] The Creditors are both listed on the certificate of service. Thus, the Creditors received actual notice of the deadline to file a complaint objecting to the Debtor's discharge in this case.[3]

Upon motion of the Debtor the confirmation hearing was continued to June 10, 2010 [ECF No. 189] and upon motion of a creditor the hearing was continued again to July 15, 2010 [ECF No. 193]. Both of these orders were served on the Creditors. [ECF Nos. 190 and 196]

The Court held a confirmation hearing on July 15, 2010 and the confirmation hearing was continued to August 26, 2010 by announcement on the record and by official re-notice of the hearing [ECF No. 200], which was also served on the Creditors [ECF No. 201].

The Debtor amended his plan on July 29, 2010 [ECF No. 204] and filed a motion to confirm the amended plan under the "cramdown" provisions of Section 1129(b) [ECF No. 206]. The amended plan and motion were served on the Creditors. [ECF No. 207]

The Debtor's Second Amended Plan was confirmed at a hearing held on August 26, 2010 and the Court entered a confirmation order on September 8, 2010. [ECF No. 217] The

---

[3] The Court notes that the Creditors also received copies of the Debtor's confirmation affidavit, the Debtor's certificate with regard to acceptance of the plan, and the Debtor's affidavit with regard to payment of domestic support obligations. [ECF Nos. 178, 179 and 181]

4

Creditors were served with a copy of the confirmation order on September 10, 2010. [ECF No. 221]

The Creditors argue that they were denied due process, alleging that although the Creditors were on the Debtor's official mailing matrix when this case commenced, they were subsequently removed from the matrix as a result of the Debtor's amendments to his schedules and thereafter did not receive copies of material documents and notices filed in this case. A simple review of the docket, as outlined above, shows that this is patently false. Not only were the Creditors not removed from the mailing matrix in this case at any time, but nearly every certificate of service material to the Court's present review specifically lists both Creditors as receiving notice of the subject item. The Creditors received copies of all relevant documents, including the original Notice to Creditors, the notice of initial hearing on confirmation of the Debtor's chapter 11 plan, and all notices of hearing relating to the Debtor's disclosure statement and plan. Due process was well served in this case.

The Creditors also argue that "good cause" exists to warrant granting their request for, in effect, a new deadline to file a complaint objecting to discharge. Courts may enlarge the time for filing a complaint objecting to discharge under Rule 4004(a) only to the extent and under the conditions stated in Rule 4004. Fed. R. Bankr. P. 9006(b)(3). Courts may for cause extend the time to object to discharge; however, with one enumerated exception, the motion must be filed before the time to object to discharge has expired. Fed. R. Bankr. P. 4004(b)(1). The sole exception to this strict deadline permits the filing of a motion to extend time to object to discharge after the original deadline has passed but before discharge is granted if (a) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under Section 727(d), and (b) the movant did not have knowledge of those facts in time to permit an objection. Fed. R. Bankr. P. 4004(b)(2).

The present case was filed under chapter 11 and so Section 727(d) does not apply. 11 U.S.C. § 103(b).  Because Section 727(d) cannot form the basis of revocation of discharge in a chapter 11 case, the Creditors cannot rely on Rule 4004(b)(2) to obtain the requested extension. [4]

This outcome is not as harsh as it sounds.  The purpose of the extension provision in Rule 4004(b)(2) is to cover the gap between the expiration of the time for objecting to discharge and the entry of the discharge order.    Fed. R. Bankr. P. 4004 advisory committee's note.  Without Rule 4004(b)(2), a party in interest who has a valid claim for denial of discharge based on facts, learned after the deadline to file a complaint, that support revocation of discharge under Section 727(d) would be unable to file a complaint prior to entry of discharge, and could be prevented from pursuing a post-discharge revocation complaint under certain circumstances.  *See* 11 U.S.C. § 727(d)(1) (requiring that the plaintiff did not know of the alleged fraud prior to entry of discharge).  Rule 4004(b)(2) is an attempt to remedy these concerns.  In a chapter 11 case, the deadline for filing a complaint objecting to discharge is the date first set for confirmation of the plan.  Fed. R. Bankr. P. 4004(a).  The chapter 11 discharge is triggered by entry of an order confirming the plan.  11 U.S.C. § 1141(d)(1) (subject to 11 U.S.C. § 1141(d)(5) when the debtor is an individual).  Even if a complaint is not filed prior to the date first set for confirmation of the plan, parties in interest may object to confirmation under Section 1129, including on the basis that the plan has not been proposed in good faith, and may move for revocation of the order of confirmation under Section 1144.[5]    The Bankruptcy Code provides ample

---

[4] One could argue that Rule 4004(b)(2) imposes a new basis for denial of discharge in a chapter 11 case, importing the substantive provisions of Section 727(d) in certain circumstances.  Such an argument flies in the face of the comprehensive treatment of discharge in chapter 11 cases presented in the Bankruptcy Code itself.  The Court will not construe the Bankruptcy Rules in such a manner as to prescribe substantive law not consistent with title 11.
[5] The Creditors had notice of the Debtor's chapter 11 plan, the confirmation hearing and related deadlines, and failed to object to confirmation of the plan.  The deadline to seek revocation of the order confirming the Debtor's plan

opportunity for parties in interest to address the discharge in a chapter 11 case. There is no gap in these rights as there would be in a chapter 7 case absent Rule 4004(b)(2).

In any case, the facts alleged by the Creditors could not support denial of discharge here. Section 1141(d) governs discharge of the debtor in a chapter 11 case. There are two general limitations on the entry of discharge in this case. The first limitation, applicable to all chapter 11 debtors, prohibits the entry of discharge if (a) the plan provides for the liquidation of all or substantially all of the property of the estate, (b) the debtor does not engage in business after consummation of the plan, and (c) the debtor would be denied a discharge under Section 727(a) if the case were a chapter 7 case. 11 U.S.C. § 1141(d)(3). The three requirements of Section 1141(d)(3) are stated in the conjunctive; all must be satisfied to deny discharge under this provision. While the Debtor's Second Amended Plan of Reorganization [ECF No. 204] provided for the sale or transfer of certain of the Debtor's properties, the Debtor also retained substantial property after confirmation. The Debtor's chapter 11 plan, as confirmed, did not provide for the liquidation of all or substantially all of the property of the estate within the meaning of Section 1141(d)(3). Thus, Section 1143(d)(3) cannot form the basis for denial of discharge in this case.

The other general provision addressing the granting of a discharge in chapter 11 applies only when the debtor is an individual. Section 1143(d)(5) states, in part, that "confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan." 11 U.S.C. § 1141(d)(5). Because Section 1141(d)(5) necessarily operates long after confirmation of the plan, Rule 4004(a) does not govern objections to discharge under this provision. The right of a party in interest to object to entry of discharge under Section 1141(d)(5) is preserved

---

expired 180 days after entry of the confirmation order, on March 7, 2009. 11 U.S.C. § 1144. The Creditors did not seek to revoke the confirmation order.

post-confirmation until such time as the court is asked to grant a discharge for a debtor who is an individual. The Creditors do not allege any facts that may support denial of discharge under Section 1141(d)(5). In any case, the Creditors need not request an extension of time to raise any objection they may have under Section 1141(d)(5), but may raise such objections, if any, at the appropriate juncture in this case.

Accordingly, the Court ORDERS AND ADJUDGES that the Motion [ECF No. 283] is DENIED.

###

Copies Furnished To:

Steven H Friedman, Esq.

*Steven H Friedman, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and to file a certificate of service.*